**NELSON MULLINS RILEY & SCARBOROUGH LLP**
JAHMY S. GRAHAM (SBN 300800)
jahmy.graham@nelsonmullins.com
JESSICA M. HIGASHIYAMA (SBN 272269)
jessica.higashiyama@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA  90502
Telephone:     424.221.7400
Facsimile:      424.221.7499

MATTHEW G. LINDENBAUM (admitted *Pro Hac Vice*)
matthew.lindenbaum@nelsonmullins.com
One Financial Center, Suite 3500
Boston, MA 02111
Telephone: 617.217.4700
Facsimile:  617.217.4710

Attorneys for Defendant
TOYOTA MOTOR SALES, U.S.A., Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ANAN SAID, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., Inc.,<br><br>Defendant. | Case No.: 3:21-cv-05144-VC<br><br>**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Assigned to the Hon. Vince Chhabria<br><br>[Filed concurrently with Memorandum of Points and Authorities; Request for Judicial Notice; Declaration of Harold E. Clyde]<br><br>**Date**:  November 18, 2021<br>**Time**:  2:00 p.m.<br>**Ctrm**:  4 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 18, 2021, at 2:00 p.m., or as soon thereafter as this may be heard in Courtroom 4 of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable Vince Chhabria presiding, Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS") will and hereby does move the Court for an order dismissing Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).  TMS moves to dismiss Plaintiff's claims because Plaintiff has failed to state a claim upon which relief may be granted.

**STATEMENT OF ISSUES TO BE DECIDED PER CIVIL L.R. 7-4(A)(3)**

1.  Whether Plaintiff's Complaint should be dismissed under Rule 12(b)(6) and 9(b) for failure to state a claim.

*First*, Plaintiff cannot state a claim for breach of express warranty because the purported design defect he alleges is not covered by the applicable TMS New Vehicle Limited Warranty ("NVLW"), which covers repairs needed to correct defects in "materials or workmanship"—but not design defects, like Plaintiff alleges here—and he fails to allege that he presented his vehicle to an authorized Toyota dealer for repair, as required under the NVLW.  To the extent Plaintiff's claim is based on alleged representations in the owner's manual or other Toyota informational materials, including marketing materials, his allegations are insufficient to plead a plausible claim for relief.  Plaintiff's express warranty claim also fails because he is not in privity with TMS—he bought the car from an independent dealer, not from TMS—and did not provide notice of the alleged breach to TMS, as required under Maryland law.

*Second*, Plaintiff's breach of the implied warranty of merchantability claim fails because he makes no plausible allegation that his vehicle is unfit for its ordinary purpose of providing safe and reliable transportation.  He concedes that he is able to drive his vehicle and to achieve a mileage range of 430-500 miles on a single tank of gas.  These deficiencies are identical to those that resulted in the dismissal with prejudice of analogous claims in the *Gertz/Troup* and *In re Toyota RAV4 Hybrid Fuel Tank Litigation* cases.  Plaintiff's implied warranty claim also fails because he is not in privity with TMS.

*Third*, Plaintiff's claim under the Maryland Consumer Protection Act ("MCPA") should be dismissed because it exceeds the territorial reach of Maryland law and fails to meet the heightened Rule 9(b) pleading standard.  In addition, Plaintiff's MCPA claim fails because the conduct he complains about is neither "unfair" nor "deceptive."

*Finally*, because Plaintiff has failed to plead essential facts and amendment would be futile, TMS respectfully requests that the Complaint be dismissed as requested herein with prejudice.

This Motion is based on this Notice of Motion and Motion to Dismiss, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, and the Declaration of Harold E. Clyde and the exhibit attached thereto, as well as all other matters that may be judicially noticed, the files and records in this case, and any oral or documentary evidence that may be adduced at the hearing on this matter.

Dated:  August 27, 2021                NELSON MULLINS RILEY & SCARBOROUGH LLP

/s/ Jahmy S. Graham
Jahmy S. Graham
Matthew G. Lindenbaum
Jessica M. Higashiyama
Attorneys for Defendant
TOYOTA MOTOR SALES, U.S.A., Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

By: */s/ Jahmy S. Graham*
Jahmy S. Graham