ROBERT C. SCHUBERT (S.B.N. 62684)
(rschubert@sjk.law)
NOAH M. SCHUBERT (S.B.N. 278696)
(nschubert@sjk.law)
DUSTIN L. SCHUBERT (S.B.N. 254876)
(dschubert@sjk.law)
KATHRYN Y. MCCAULEY (S.B.N. 265803)
(kmccauley@sjk.law)
ALEXANDRA K. GREEN (S.B.N. 333271)
(agreen@sjk.law)
**SCHUBERT JONCKHEER & KOLBE LLP**
Three Embarcadero Center, Suite 1650
San Francisco, California  94111
Telephone:      (415) 788-4220
Facsimile:      (415) 788-0161

*Counsel for Plaintiff Said and the Putative Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANAN SAID, individually and on behalf of all others situated, <br><br> Plaintiff, <br><br>        v. <br><br> TOYOTA MOTOR SALES, U.S.A., INC., <br><br> Defendant. | Case No. 3:21-cv-05144-WHO <br><br> **NOTICE OF MOTION AND MOTION TO CONSOLIDATE AND FOR APPOINTMENT OF INTERIM CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> **Date:**          **November 3, 2021** <br> **Time:**          **2:00 p.m.** <br> **Courtroom:**  **2, 17th Floor** <br><br> **Hon. William H. Orrick** |

[*captions continued on following page*]

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

CHERYL TAVARES, PAULO TAVARES, CONNIE HART, ROY STEPHENS, GERARD AND MARY AFLAGUE, BRETT HUTCHERSON, JOHN LITWAK, and CHARLES DEFFENDALL individually, and on behalf of a class of similarly situated individuals,

                  Plaintiffs,

     v.

TOYOTA MOTOR SALES, U.S.A., INC., a California corporation, TOYOTA MOTOR NORTH AMERICA, INC., a California corporation, and TOYOTA MOTOR CORPORATION, a Japanese corporation,

                  Defendants.

Case No. 3:21-cv-04534-WHO

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**Notice of Motion and Motion to Consolidate and Appoint Interim Class Counsel; MP&A
Case No. 3:21-cv-05144-WHO; Case No. Case No. 3:21-cv-04534-WHO**

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 3, 2021 at 2:00 p.m., Plaintiff in the above-captioned *Said* action will move this Court for an order: (a) consolidating the two captioned class action lawsuits pending before U.S. District Judge William H. Orrick pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (b) appointing attorney Dustin L. Schubert of the law firm Schubert Jonckheer & Kolbe LLP (the "Schubert Firm") as Interim Class Counsel in the consolidated action pursuant to Rule 23(g)(2) of the Federal Rule of Civil Procedure; and (c) adopting the proposed billing guidelines to limit costs and expenses including attorneys' fees.

This Motion is made on the grounds that: (a) the two cases involve common questions of law and fact arising from the same circumstances and allegations regarding the alleged fuel tank deficiencies with 2020 and 2021 Toyota Highlander Hybrid vehicles that prevent these cars from accepting a full tank of fuel, and thus should be consolidated before this Court; and (b) Interim Class Counsel should be appointed to ensure the effective and efficient prosecution of the claims. This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Dustin L. Schubert, the Proposed Order, all pleadings and papers filed herein, the arguments presented by counsel at the requested hearing, and any other matter the Court may wish to consider.

Dated: September 28, 2021                    Respectfully submitted,

                                             **SCHUBERT JONCKHEER & KOLBE LLP**

                                             */s/ Dustin L. Schubert*
                                             ROBERT C. SCHUBERT (S.B.N. 62684)
                                             NOAH M. SCHUBERT (S.B.N. 278696)
                                             DUSTIN L. SCHUBERT (S.B.N. 254876)
                                             KATHRYN Y. MCCAULEY (S.B.N. 265803)
                                             ALEXANDRA K. GREEN (S.B.N. 333271)
                                             Three Embarcadero Center, Suite 1650
                                             San Francisco, California 94111
                                             Telephone:    (415) 788-4220
                                             Facsimile:    (415) 788-0161
                                             rschubert@sjk.law
                                             nschubert@sjk.law

dschubert@sjk.law
kmccauley@sjk.law
agreen@sjk.law

*Counsel for Plaintiff Said and the Putative Class*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Notice of Motion and Motion to Consolidate and Appoint Interim Class Counsel; MP&A**  ii
**Case No. 3:21-cv-05144-WHO; Case No. Case No. 3:21-cv-04534-WHO**

1

## <u>TABLE OF CONTENTS</u>

2

3    **STATEMENT OF ISSUES TO BE DECIDED**.................................................................... 1

4    **MEMORANDUM OF POINTS AND AUTHORITIES**........................................................ 1

5    **FACTUAL AND PROCEDURAL BACKGROUND** ............................................................ 3

6    **ARGUMENT** ............................................................................................................................ 5

7          A.    The Actions Should Be Consolidated for All Purposes ............................................. 5

8          B.    The Court Should Appoint Dustin L. Schubert as Interim Class Counsel.................. 7

9          C.    Mr. Schubert and The Schubert Firm Have Effectively Represented

10                Dozens of Plaintiffs in *In Re Toyota RAV4 Hybrid Fuel Tank Litigation* for

                  Over a Year ............................................................................................................. 13

11         D.    Further Proceedings ................................................................................................ 15

12   **CONCLUSION**...................................................................................................................... 15

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1

2                                **TABLE OF AUTHORITIES**

3

4   **Cases**

5   *Bartling v. Apple Inc.*,
6       2018 U.S. Dist. LEXIS 71431 (N.D. Cal. Apr. 27, 2018)...................................................... 7

7   *Huene v. United States*,
8       743 F.2d 703 (9th Cir. 1984).................................................................................................. 6

9   *In re Cendant Corp. Litig.*,
10      182 F.R.D. 476 (D.N.J. 1998) ................................................................................................ 5

11  *In re Equity Funding Corp. of Am.* Sec. Litig.,
        416 F. Supp. 161 (C.D. Cal. 1976) ........................................................................................ 5

12  *Investors Research Co. v. U.S. District Court for Cent. Dist.*,
13      877 F.2d 777 (9th Cir. 1989)................................................................................................... 5

14  *Johnson v. Celotex Corp.*,
15      899 F.2d 1281 (2d Cir. 1990) ................................................................................................. 6

16  *Owen v. Labor Ready Inc.*,
        146 Fed. Appx. 139 (9th Cir. 2005) .................................................................................... 5, 6

17

18  *Parkinson v. Hyundai Motor Am.*,
        2006 U.S. Dist. LEXIS 59055 (C.D. Cal. Aug. 7, 2006) ....................................................... 7

19  *Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.*,
20      611 F. Supp. 990 (C.D. Cal. 1984)......................................................................................... 5

21  *Pfeiffer v. Toll*,
22      989 A.2d 683 (Del. Ch. 2010) .............................................................................................. 11

23  *Pulaski & Middleman, LLC v. Google, Inc.*,
24      802 F. 3d 979 (9th Cir. 2015)................................................................................................. 9

25  *Rosenfeld v. Lenich*,
        2021 U.S. Dist. LEXIS 26950 (E.D.N.Y. Feb. 11, 2021)...................................................... 14

26

27  *U.S. v. Knauer*,
        149 F.2d 519 (7th Cir. 1945).................................................................................................. 5

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

*Vincent v. Hughes Air West, Inc.*,
    557 F.2d 759 (9th Cir. 1977)........................................................................................... 6

**Other Authorities**

Fed. R. Civ. P. 23 Advisory Committee Notes (2003 Amendments) ............................................... 7

**Rules**

Fed. R. Civ. P. 23(g)(1)(A)........................................................................................................ 7

Fed. R. Civ. P. 23(g)(2) ............................................................................................................ 2

Fed. R. Civ. P. 23(g)(3)............................................................................................................. 7

Fed. R. Civ. P. 23(g)(4) ............................................................................................................ 7

Fed. R. Civ. P. 42(a) ...................................................................................................... 2, 5, 6, 15

**Treatises**

Manual For Complex Litigation, Fourth, § 11.631 (2004).......................................................... 5, 7

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether the Court should consolidate two putative class action lawsuits that involve common questions of law and fact.

2.      Whether the Court should appoint attorney Dustin L. Schubert of the Schubert Firm as Interim Class Counsel to prosecute the claims in the above-captioned actions.

3.      Whether the Court should adopt the proposed billing guidelines to limit costs and expenses in the above-captioned actions, including attorneys' fees.

**MEMORANDUM OF POINTS AND AUTHORITIES**

There are currently two related class action lawsuits pending before this Court:

| Case Name | Case No. | Date Filed |
|---|---|---|
| *Said v. Toyota Motor Sales, U.S.A., Inc.* | 3:21-cv-05144-WHO | July 2, 2021 |
| *Tavares, et al. v. Toyota Motor Sales, USA., Inc et al.* | 3:21-cv-04534-WHO | June 11, 2021 |

Both class action lawsuits allege that Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota" or "Defendant") marketed, advertised, and otherwise represented that its 2020 Highlander Hybrid vehicles had a fuel tank capacity of 17.1 gallons and that these cars had a mileage range of approximately 600 miles. The cases allege that at the time of sale or lease, Toyota failed to disclose that a fuel tank defect prevents the Highlanders from accepting a full tank of fuel by up to several gallons (approximately 12-14 gallons instead of the advertised 17.1 gallons), drastically reducing the Highlander Hybrid's driving range. Both cases seek damages on behalf of purchasers and lessees of the 2020 Highlander Hybrid vehicles, alleging that had they been aware of the car's true fuel tank capacity and mileage range at the time of purchase, they would not have purchased their vehicles or would have paid substantially less for them. All plaintiffs also seek declaratory and injunctive relief. Plaintiffs in *Tavares* also bring claims on behalf of purchasers and lessees of the 2021 Highlander Hybrid vehicles and contend that the fuel tank defect presents a safety risk for drivers and the general public in that improper venting in the Highlander Hybrids increases emissions from the vehicle.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

The two actions are indisputably based on similar factual allegations and are against the same defendant (Toyota Motor Sales, U.S.A., Inc.). *Tavares* also brings claims against Toyota Motor North America, Inc., and Toyota Motor Corporation. Likewise, the actions seek to represent substantially the same classes of people (purchasers and lessees of the Highlanders) for substantially similar claims (consumer protection, express warranty, and implied warranty of merchantability claims under various state laws). The Schubert Firm has also retained at least two additional class members who purchased 2021 Highlander Hybrids in Michigan and Georgia, and Plaintiff Said intends to include these additional class representatives and state claims in a forthcoming operative amended complaint. The Schubert Firm is also continuing to interview other contacts to serve as class representatives from additional states.

Counsel for *Said* hereby moves this Court for an order: (a) consolidating the actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (b) appointing attorney Dustin L. Schubert of the Schubert Firm as Interim Class Counsel pursuant to Rule 23(g)(2) of the Federal Rules of Civil Procedure; and (c) adopting the proposed billing guidelines concerning costs, expenses, and attorneys' fees in the consolidated action.

As discussed below, *Said* and *Tavares* are substantially similar such that consolidation will promote efficiency. In addition, courts routinely appoint Interim Class Counsel in complex litigation to manage and oversee the consolidated action. Mr. Schubert and the Schubert Firm have specialized in complex litigation for decades and have frequently served as lead counsel and in other leadership positions in class actions, including in this District and in the substantially similar *In re Toyota RAV4 Hybrid Fuel Tank Litigation*, No. 3:20-cv-00337-EMC (N.D. Cal.) case. The firm has the resources necessary to vigorously prosecute the case. The Schubert Firm has a track record of success and has earned praise for its results. Mr. Schubert of the Schubert Firm should be appointed Interim Class Counsel in order to protect the interests of the class members and ensure that the litigation proceeds efficiently.

The Schubert Firm also submits with this motion proposed billing guidelines that require plaintiffs' counsel to maintain contemporaneous records of their time spent in connection with this litigation. Under these circumstances, the Court should appoint Schubert Firm as Interim Class

Schubert Jonckheer & Kolbe LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**Notice of Motion and Motion to Consolidate and Appoint Interim Class Counsel; MP&A**     **2**
**Case No. 3:21-cv-05144-WHO; Case No. Case No. 3:21-cv-04534-WHO**

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1  Counsel. If the Court grants the motion for appointment, counsel request that the Court also approve

2  the proposed billing protocol.

3  <center>**FACTUAL AND PROCEDURAL BACKGROUND**</center>

4  Defendant Toyota manufactures and distributes new motor vehicles, including the 2020 and

5  2021 Toyota Highlander Hybrid model cars. Toyota also markets and advertises the Highlanders,

6  oversees Toyota dealers, and develops the company's nationwide marketing and informational

7  materials. Plaintiff Said alleges that Toyota advertises and represents in its promotional materials,

8  specifications, and owner's manual that the Highlander's fuel tank capacity is 17.1 gallons. Said

9  further alleges that Toyota represents and warrants that the Highlander's total mileage range is

10  approximately 600 miles. However, Said alleges that Toyota failed to disclose that, in fact, the

11  Highlanders will not accept a full tank of fuel. Customer complaints indicate that the Highlanders'

12  fuel tank defect prevents a full fuel tank refill by up to several gallons. As a result, the Highlanders

13  fail to meet the mileage range specifications. Despite this widespread defect, Toyota continues to

14  sell the vehicles to the public without correcting these representations.

15  Plaintiff Said purchased a 2020 Highlander Hybrid vehicle, believing that the car's fuel tank

16  capacity was 17.1 gallons and that the total milage range for the vehicle was approximately 600

17  miles when—in fact—it was not. The *Said* case seeks damages on behalf of purchasers and lessees

18  of the 2020 Highlander Hybrid vehicles, alleging that had they been aware of the car's true fuel tank

19  capacity and mileage range at the time of purchase, they would not have purchased the vehicle or

20  would have paid substantially less for it. Said brings claims under Maryland law. Additionally,

21  Plaintiff Said intends to amend his complaint to add at least two more plaintiffs, who purchased 2021

22  Highlander Hybrids in Michigan and Georgia, alleging claims under those states' laws. Schubert

23  Decl. ¶ 5. The Schubert Firm is also continuing to interview other contacts to serve as class

24  representatives. *Id.*

25  *Said* and *Tavares* each bring claims under various states' consumer protection laws, and the

26  overlapping claims at issue in these actions are reflected below:

27

28

| Claim | *Said* | *Tavares* |
|---|---|---|
| State-Specific Consumer Protection Claims | ✓ | ✓ |
| State-Specific Breach of Express Warranty Claims | ✓ | ✓ |
| State-Specific Breach of Implied Warranty of Merchantability Claims | ✓ | ✓ |
| Nationwide/State Sub-Class Fraud and/or Fraudulent Omission Claim | | ✓ |

*Tavares* also seeks relief on behalf of California, Colorado, Iowa, Pennsylvania, and Texas classes under those states' respective consumer protection laws, as well as a nationwide class.

Before filing the *Said* complaint, the Schubert Firm investigated the underlying facts, reviewed consumer complaints concerning the Highlander fuel tank, analyzed Toyota's warranty documents, studied the Highlander's specifications, and reviewed Toyota's representations about the Highlanders. Schubert Decl. ¶ 4. The Schubert Firm has also responded—and is continuing to respond—to numerous consumer inquiries, interviewed potential class representatives and class members, and analyzed documentation relating to their claims. *Id.* ¶ 3.

Plaintiff Said has been working diligently to advance these claims. Toyota filed its motion to dismiss Plaintiff's complaint on August 27, 2021. *Said*, Dkt. No. 17. The parties then stipulated to modify the briefing schedule, which was granted on September 9, 2021. *Id.*, Dkt. No. 20. Plaintiff Said has until October 1, 2021 to respond. *Id.*, Dkt. Nos. 19, 20. Additionally, as of the date of this filing, Plaintiff Said is aware of one substantially similar class action complaint pending in this district—*Tavares, et al, v. Toyota Motor Sales, USA, Inc., et al.*, No. 3:21-cv-04534-WHO (N.D. Cal.). Pursuant to Local Rule 3-12, on September 13, 2021, Plaintiff Said sought an Administrative Motion to Consider Whether *Said* and *Tavares* should be related. *Tavares*, Dkt. No. 37. Defendant took no position on whether the cases should be deemed related. *Id.* Counsel for *Tavares* did not respond. *Id.* The motion was granted on September 20, 2021. *Id.*, Dkt. No. 40; *Said*, Dkt. No. 23. This Court has set the initial case management conference for both *Said* and *Tavares* on December 8, 2021. *Said*, Dkt. No. 26; *Tavares*, Dkt. No. 43.

The Schubert Firm is also serving as Interim Class Counsel in the substantially similar *In re Toyota RAV4 Hybrid Fuel Tank Litigation* matter. In that case, the Schubert Firm filed a first-amended consolidated class-action complaint on June 9, 2021, which includes 94 claims on behalf of 39 named plaintiffs representing 29 separate state classes.[1] The Toyota RAV4 plaintiffs allege that Toyota violated state consumer-protection, express warranty, implied warranty, and unjust enrichment laws and seek restitution, damages, and injunctive relief. *See infra* Section C. That case, like this one, alleges that the fuel tanks in certain Toyota vehicles cannot be filled to their advertised capacities. In the RAV4 case, the Schubert Firm has engaged in extensive discovery concerning the same or similar issues, including nearly 80,000 pages of Toyota document discovery, review of customer complaints, technical documentation, and information about Toyota's existing fuel-tank customer support program. Schubert Decl. ¶ 12. The Schubert Firm has also litigated two motions to dismiss, retained an expert in automotive design and manufacturing with over forty years of industry experience, and participated in settlement negotiations. Schubert Decl. ¶¶ 13, 14.

## ARGUMENT

### A.   The Actions Should Be Consolidated for All Purposes.

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Manual For Complex Litigation, Fourth*, § 11.631, at pp. 121-22 (2004) ("*MCL*"); *Owen v. Labor Ready Inc.*, 146 Fed. Appx. 139, 141 (9th Cir. 2005); *In re Cendant Corp. Litig.*, 182 F.R.D. 476 (D.N.J. 1998); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976). Subdivision (a) of this rule was designed to encourage consolidation where possible. *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945), *certiorari granted*, 326 U.S. 714, *aff'd*, 328 U.S. 654, *reh'g denied*, 329 U.S. 818, *petition denied*, 322 U.S. 834. This Court has broad discretion under this rule to consolidate cases within this District. *Investors Research Co. v. U.S. District Court for Cent. Dist.*, 877 F. 2d 777 (9th Cir. 1989); *Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) ("A court has broad

---

[1] These states are Arizona, California, Colorado, Connecticut, Florida, Idaho, Illinois, Iowa, Kentucky, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, Texas, Virginia, and Wisconsin.

Schubert Jonckheer & Kolbe LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1    discretion in deciding whether or not to grant a motion for consolidation, although, typically,

2    consolidation is favored.") (citations omitted).

3        Courts recognize that putative class actions are particularly well-suited for consolidation

4    pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication,

5    avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the

6    expenditure of time and money for all parties involved. *Vincent v. Hughes Air West, Inc.*, 557 F.

7    759, 773 (9th Cir. 1977); *Owen*, 146 Fed. Appx. at 141 (citing *Huene v. United States*, 743 F.2d 703,

8    704 (9th Cir. 1984)). Consolidating class action suits simplifies pretrial and discovery motions, class

9    action issues, and clerical and administrative duties. Consolidation also reduces the confusion and

10   delay that may result from prosecuting related putative class actions separately.

11       Here, each action pending before this Court is brought by Highlander Hybrid purchasers or

12   lessees who allege they were deceived by Toyota regarding the subject vehicles' fuel tank capacity

13   and estimated mileage range. And each action seeks compensatory damages and declaratory and

14   injunctive relief to halt Toyota's alleged false and misleading advertising practices. This core

15   nucleus of operative facts warrants consolidation of the related cases for further proceedings.

16       The cases generally allege claims under state consumer protection laws, comparable common

17   law torts, and warranty laws. Plaintiff in *Said* has retained two additional class members from

18   Michigan and Georgia, and he intends to file an amended complaint to add these additional parties

19   and state claims.  The Schubert Firm is also diligently interviewing contacts from various states, and

20   overlapping claims may result. Absent consolidation, this Court would face overlapping class actions

21   and overlapping nationwide and state class certification motions arising out of the same operative

22   facts. Consolidation into a single proceeding would therefore avoid the risk of inconsistent rulings

23   and provide an efficient mechanism for managing any new related cases.

24       Where, as here, actions involve common questions of law or fact, consolidation is

25   appropriate. Fed. R. Civ. P. 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.

26   1990). Given the substantial overlap on the factual and legal issues presented, these actions should

27   be consolidated.

28

**B.      The Court Should Appoint Dustin L. Schubert as Interim Class Counsel.**

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Where, as here, there are multiple overlapping or competing class actions pending, appointment of interim class counsel "is necessary to protect the interests of class members." *See Bartling v. Apple Inc.*, No. 5:18-cv-00147-EJD, 2018 U.S. Dist. LEXIS 71431, at *4-5 (N.D. Cal. Apr. 27, 2018). Doing so "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *MCL* § 21.11.

Attorneys appointed to serve as interim class counsel "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). Although Rule 23 does not explicitly state what standards apply when appointing interim class counsel, courts have applied the following factors set forth in Rule 23(g)(1)(A): (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. *Parkinson v. Hyundai Motor Am.*, 2006 U.S. Dist. LEXIS 59055, at *6 (C.D. Cal. Aug. 7, 2006). No single factor is determinative; all factors should be considered. Advisory Committee Notes (2003 Amendments).

As set forth below, Dustin L. Schubert and the Schubert Firm satisfy each of these criteria and are committed to vigorously representing the interests of the classes. Upon appointment as Interim Class Counsel, Mr. Schubert will oversee all important aspects of the litigation, including any motions to dismiss, class certification, summary judgment, and settlement matters, and will attend all major Court hearings. Schubert Decl. ¶ 17. Additional motion practice, discovery matters, document review, communications with clients, and other case management activity will be staffed by partners, associates, and support personnel of the Schubert Firm, as necessary and appropriate. *Id.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

<u>Work Done on the Potential Claims.</u> The Schubert Firm has already taken significant steps to investigate the underlying Highlander claims. The Schubert Firm filed the second complaint in this District asserting class action claims on behalf of purchasers and lessees of the Highlander Hybrid vehicles. As noted above, Plaintiff Said intends to amend his complaint to add at least two more plaintiffs, who purchased 2021 Highlander Hybrids in Michigan and Georgia, who will allege claims under those state laws. Schubert Decl. ¶ 5. Plaintiff is also continuously interviewing other contacts to serve as class representatives. *Id.* The Schubert Firm has spent hours communicating with its clients and evaluating their claims. *Id.*

<u>Class Action Experience.</u> The Schubert Firm has represented plaintiffs in class actions for over forty years, specializing in complex litigation, including federal multidistrict litigation. Schubert Decl. ¶ 10. In particular, Mr. Schubert has practiced law for over ten years and during this time has focused on litigating class actions and complex shareholder cases. Schubert Decl. ¶ 11. Mr. Schubert received his undergraduate degree from U.C. Berkeley and received his law degree from Vanderbilt University in 2007. *Id.*

The Schubert Firm's attorneys have extensive experience successfully litigating consumer protection, false and misleading advertising law, antitrust, securities fraud, and unlawful employment practices cases, including the following:

In *In re Toyota RAV4 Hybrid Fuel Tank Litigation*, No. 3:20-cv-00337-EMC (N.D. Cal.), the Schubert Firm serves as Interim Class Counsel in a class action alleging that the 2019-2021 RAV4 Hybrid vehicles, as here, fail to fill to their advertised fuel capacity. The Schubert Firm is currently representing 39 named plaintiffs and representing 29 separate state classes. *See infra* Section C. Mr. Schubert is actively involved in *In re Toyota RAV4 Hybrid Fuel Tank Litigation* and was the lead plaintiff attorney during the oral argument at the motion to dismiss hearing on December 18, 2020. *In re Toyota RAV4 Hybrid Fuel Tank Litigation*, Dkt. No. 80. In that case, Mr. Schubert has also effectively communicated with defense counsel in regards to case management and scheduling. More recently, Mr. Schubert also took lead on drafting the opposition to defendant Toyota's second motion to dismiss. *Id.*, Dkt. No. 116. *See infra* Section C.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

In *In re Google AdWords Litigation*, No. 5:08-cv-03369-EJD-RJD (N.D. Cal.), the Schubert Firm served as sole Class Counsel for a nationwide class of advertisers alleging that defendant Google, Inc. placed their ads on low-quality websites, in violation of California's false advertising laws. The Schubert Firm defeated Google's motion to dismiss and substantially completed all merits discovery, including review of almost one million pages of documents and depositions of Google's witnesses and experts. After the District Court denied class certification, the Schubert Firm obtained reversal pursuant to Rule 23(f) in the U.S. Court of Appeals for the Ninth Circuit. This decision— *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F. 3d 979 (9th Cir. 2015)—has been cited over 140 times to date. The Schubert Firm then successfully opposed a petition for certiorari in the U.S. Supreme Court. After nine years of litigation, the Schubert Firm obtained a $22.5 million settlement on behalf of over one million class members, which was approved by Judge Edward J. Davila on August 7, 2017. *See Google* Dkt. No. 384.

In *Poertner v. The Gillette Company*, No. 12-CV-803 (M.D. Fla.), the Schubert Firm served as Co-Lead Counsel in a nationwide consumer class action alleging false and misleading advertising of certain Duracell batteries regarding the batteries' longevity, in violation of various state laws. The Schubert Firm obtained a settlement valued at approximately $50 million on behalf of approximately 7.26 million class members, defended the settlement on appeal, and successfully opposed a petition for certiorari in the U.S. Supreme Court.

In addition, the Schubert Firm currently serves as Class Counsel in a class action captioned *Nalick v. Seagate Technology LLC*, No. CGC-15-547787 (Superior Court, County of San Francisco) asserting California consumer protection claims against defendant Seagate Technology LLC based on its sale of allegedly defective hard drives. On November 1, 2017, Judge Curtis E.A. Karnow issued an order certifying a California class of purchasers of Seagate hard drives. Although the trial court granted defendant summary adjudication, on March 25, 2021, plaintiff won reversal of that order by the Court of Appeal, which remanded the case for trial. The Schubert Firm also served as Class Counsel in a class action captioned *Brannin, et al. v. Golden Grain Company, et al.*, No. CGC-16-555084 (Superior Court, County of San Francisco) asserting California consumer protection claims based on the sale of slack-filled food packages. On January 25, 2019, Judge Curtis E.A.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Karnow issued an order certifying a California class of purchasers of the disputed products. On November 5, 2020, the San Francisco Superior Court granted final approval to a class settlement.

Additionally, the Schubert Firm serves as a member of the Executive Committee in the class action captioned *In re: MacBook Keyboard Litigation*, Case No. 5:18-cv-02813-EJD (N.D. Cal.). In *MacBook*, the plaintiffs assert consumer protection claims under the laws of seven different states (in addition to common law claims), based on the sale of allegedly defective laptop keyboards. The case is currently pending in this District before Judge Edward J. Davila.

In *Wilson v. Sony Computer Entertainment America*, No. CIV444815 (Superior Court, County of San Mateo), the Schubert Firm served as Co-Lead Counsel for a class of computer animators who were denied overtime benefits. At a September 28, 2007 final approval hearing for an $8.5 million settlement, Judge Steven Dylina stated that the result was "superb" and that "from a class action perspective, this is as good as it gets certainly for any trial judge in the state." The Schubert Firm also served as Co-Lead Counsel in *Kirschenbaum v. Electronic Arts, Inc.*, No. CIV440876 (Superior Court, County of San Mateo) a class action based on allegations of employee misclassification resulting in a $15.6 million settlement.

In *Bonneville Pacific Corporation Securities Litigation*, No. 2:92-cv-00181-DS (D. Utah), a securities class action involving fraudulent financial statements by a large power cogeneration company, the Schubert Firm, with Co-Lead Counsel, obtained settlements totaling $26 million—or 100% of damages.

In *Tucker v. Scrushy*, No. CV-02-5212 (AEH) (Ala. Cir., Jefferson Cty.), the Schubert Firm was co-lead counsel in a shareholder derivative action on behalf of HealthSouth Corporation alleging breaches of fiduciary duty and insider trading arising from a restatement of financial results. Plaintiff won partial summary judgment against former Chief Executive Officer Richard Scrushy for restitution to HealthSouth of $47.8 million. Plaintiff also settled HealthSouth's claims against additional HealthSouth directors and officers for $100 million and against its investment banker for an additional $133 million. At trial against Mr. Scrushy on additional claims, plaintiff obtained a $2.9 billion judgment, which was later upheld by the Alabama Supreme Court.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

In *Pfeiffer v. Toll*, No. 4140-VCL (Del. Ch.), the Schubert Firm served as primary counsel in a shareholder derivative action alleging breaches of fiduciary duty and insider trading by corporate officers and directors. Plaintiff recovered a $16.25 million settlement for the company and obtained a key legal ruling rejecting the argument that Delaware's leading insider trading precedent should be overruled. *Pfeiffer v. Toll*, 989 A.2d 683 (Del. Ch. 2010).

The Schubert Firm was appointed as one of the Class Counsel in *Etter v. Allstate Insurance Company*, No. 3:17-cv-00184-WHA (N.D. Cal.), a class action brought under the Telephone Consumer Protection Act of 1991 on behalf of recipients of junk faxes sent by an Allstate insurance agent. There, Judge William H. Alsup certified a class of junk fax recipients and approved a settlement of over $6.5 million on November 4, 2018. *Etter* Dkt. No. 73, 157.

Finally, in deciding a contested attorneys' fee application in shareholder derivative litigation involving Hewlett-Packard Company, former U.S. District Judge Vaughn R. Walker, sitting as the arbitrator, noted that "the filings, oral argument and general demeanor of [the Schubert Firm and its co-counsel] reflect that they are highly experienced, knowledgeable, hardworking, efficient and reputable counsel of high standing and ability." *See Riccardi v. Lynch*, No. 3:12-cv-06003-CRB (N.D. Cal.), Dkt. No. 252 (October 23, 2014).

In sum, Mr. Schubert and the Schubert Firm are very experienced in complex class action and representative litigation, and highly qualified to lead this litigation. Additional information regarding their qualifications is set forth in the Schubert Firm resume, attached as Exhibit A to Dustin L. Schubert's declaration, filed herewith.

Knowledge of Applicable Law. As demonstrated by their prior and current cases, Mr. Schubert and the Schubert Firm are highly knowledgeable regarding the substantive law underlying the claims in this case. The Schubert Firm has litigated—and continues to litigate—class action claims under a variety of consumer protection and warranty laws. In addition, the Schubert Firm is very experienced in class action procedure, having won class certification in many cases, litigated a successful Rule 23(f) petition at the Ninth Circuit in the *Google AdWords* litigation, and successfully opposed two petitions for certiorari in class action cases. As described in detail below, Mr. Schubert

and the Schubert Firm have also accumulated knowledge of Toyota's vehicles and similar claims in the *In re Toyota RAV4 Hybrid Fuel Tank Litigation* case. *See also infra* Section C.

Resources Available. The Schubert Firm has a demonstrated record of successfully pursuing litigation on behalf of consumers, investors, and employees against resourceful and well-financed defendants across many industries. The Schubert Firm has the necessary resources to advance Plaintiff Said's claims (as well as additional plaintiffs' claims) against Toyota, and is able and willing to commit its personnel to litigate this matter to a successful resolution through pretrial proceedings, trial, and any appeals that may arise. Schubert Decl. ¶ 15. Additionally, as it is located in San Francisco, the Schubert Firm has a local presence within this District, and accordingly will not incur travel expenses for any in-person Court appearances, unlike counsel in *Tavares*.

Other Relevant Considerations. To ensure appropriate billing practices in the above-captioned matter, Mr. Schubert and the Schubert Firm have also included a proposed billing protocol. Schubert Decl. ¶¶ 18-23; *see also* Exhibit B. Among other things, the proposed protocol aims to: (i) ensure that only time justifiably advancing the litigation is billed; (ii) avoid unnecessary duplication of attorney work; (iii) eliminate unauthorized billing; and (iv) control litigation expenses.

For instance, the proposed protocol makes clear that Plaintiffs' counsel will generally not seek compensation for more than two attorneys at Court hearings or depositions, counsel may only bill for work specifically assigned by Interim Class Counsel, and that counsel shall not bill for attending meetings or conference calls unless Interim Class Counsel deems their presence necessary. Schubert Decl. ¶ 20. Additionally, the Schubert Firm will maintain contemporaneous billing records for this action (as it does in all of its cases). Schubert Decl. ¶ 21. And to the extent it tasks any other law firms with work assignments, it will also require any such counsel report time to Interim Class Counsel on a monthly basis. *Id.* A senior Schubert Firm attorney will review all monthly time reporting—including its own—for compliance with the established protocols, and will strike duplicative, unauthorized, or inefficient billing as necessary. Schubert Decl. ¶ 22.

The proposed protocol also requires that expense reports be maintained contemporaneously, and that only reasonable and appropriate expenses incurred in furtherance of the litigation will be eligible for reimbursement. Schubert Decl. ¶ 23. Expenses must be supported by adequate

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1    documentation. *Id.* Limitations on recoverable travel expenses will be imposed, including that only

2    coach airfare and standard (i.e., non-luxury) hotels and rental cars may be reimbursed. *Id.*

### C.    Mr. Schubert and The Schubert Firm Have Effectively Represented Dozens of Plaintiffs in *In Re Toyota RAV4 Hybrid Fuel Tank Litigation* for Over a Year

5            As noted above, the Schubert Firm is currently serving as Interim Class Counsel in *In Re*

6    *Toyota RAV4 Hybrid Fuel Tank Litigation* on behalf of 39 named plaintiffs and representing 29

7    separate state classes. *In re Toyota RAV4 Hybrid Fuel Tank Litigation*, Dkt. No. 103. On October

8    14, 2020, Toyota moved to dismiss the consolidated complaint, and the parties engaged in extensive

9    briefing as well as oral argument. *Id.*, Dkt. Nos. 66, 69, 75, 80. On April 16, 2021, Judge Edward M.

10   Chen largely denied Toyota's motion. *Id.*, Dkt. No. 100. Judge Chen also allowed plaintiffs to amend

11   their complaint, and an amended complaint was filed on June 9, 2021. *Id.*, Dkt. No. 103. The hearing

12   on Toyota's second motion to dismiss is currently scheduled for October 28, 2021.

13           The plaintiffs in *In re Toyota RAV4 Hybrid Fuel Tank Litigation* have also engaged in

14   extensive discovery. Schubert Decl. ¶ 12. Toyota has produced nearly 80,000 pages of documents

15   and Toyota's rolling production of documents continues. *Id.*  The Schubert Firm has already spent

16   extensive time reviewing documents relating to customer complaints, technical documentation, and

17   information about Toyota's support program for the RAV4 Hybrids. It has also retained Robert E.

18   Burnham, an expert in automotive design and manufacturing with over forty years of industry

19   experience, including having been responsible for the design and manufacture of automotive fuel

20   tanks and the packaging of fuel-system components. Schubert Decl. ¶ 13. As Mr. Burnham has

21   already spent extensive time analyzing a similar fuel-tank defect with Toyota's RAV4 Hybrid, his

22   experience will allow Plaintiff Said to quickly evaluate and diagnose the fuel-tank defect with

23   Toyota's Highlander Hybrid without incurring significant new time or expense.

24           The Schubert Firm has also led an objection to a proposed class action settlement by opposing

25   the motion for preliminary approval in a related Toyota RAV4 case, *Pulkrabek et al. v. Toyota Motor*

26   *Sales, USA, Inc., et al.*, No. 2:20-cv-00036 (E.D. Tex). The proposed settlement, which would also

27   resolve a related RAV4 Hybrid case filed by counsel in *Tavares*, ratified Toyota's existing support

28   program and would not compensate class members who paid a premium for a hybrid vehicle that

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

could not fill to its advertised capacity. *Id.* The Schubert Firm argued that the *Pulkrabek* settlement would provide class members with little to no value, including no monetary compensation whatsoever (despite the release of all monetary claims). *Pulkrabek*, Dkt. No. 75. That objection remains pending.

In *Tavares*, Capstone Law APC and Berger Montague PC filed a motion for appointment of interim lead class counsel on September 14, 2021. Capstone and Berger Montague request that the Court appoint Tarek H. Zohdy (Capstone) and Russell D. Paul (Berger Montague) as interim class counsel because of: (i) their time and efforts to pursue the *Tavares* action; (ii) their experience in leading and litigating complex class actions; and (iii) the resources their firms possess to prosecute Highlander actions. However, as explained above, the Schubert Firm also has devoted their time and efforts to lead a class on behalf of Highlander purchasers and lessees, has the experience in litigating and leading complex class actions like *In Re Toyota RAV4 Hybrid Fuel Tank Litigation*, and has the resources to efficiently progress the case.

The Schubert Firm does not question that *Tavares* counsel are competent and experienced. However, in light of the extensive experience the Schubert Firm has litigating a substantial similar case concerning defective Toyota fuel tanks, the Schubert Firm is better suited to serve as lead counsel in this action. Additionally, the *Tavares* plaintiffs' proposed structure of having two separate firms serve as lead counsel is unnecessary and duplicative in a case of this size. It risks inefficiency and over-billing. And since neither *Tavares* counsel are not local to this District, to the extent this Court returns to in-person hearings, their firms may seek reimbursement for travel expenses, adding unnecessary costs.

As demonstrated by the Schubert Firm's experience in *In Re Toyota RAV4 Hybrid Fuel Tank Litigation*, Mr. Schubert and the Schubert Firm are highly capable of pursuing litigation on behalf of Highlander purchasers and lessees against Toyota. Not only is the Schubert Firm knowledgeable of the substantive law underlying the claims in this case, but the knowledge and experience it has gained litigating the substantially similar RAV4 action will prove invaluable in this action. It supports the Schubert Firm's appointment as Interim Class Counsel here. *See*, *e.g.*, *Rosenfeld v. Lenich*, No. 18-CV-6720 (NGG) (PK), 2021 U.S. Dist. LEXIS 26950, at *34 (E.D.N.Y. Feb. 11,

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

2021) ("The same counsel competently and successfully represented [plaintiffs] in a related matter, arising from the same underlying facts and [similar claims]. The court is confident that Named Plaintiffs' counsel will fairly and adequately represent the interests of the class, and it therefore appoints them as class counsel.").

### D.     Further Proceedings.

Rule 42(a) provides courts with the power to order the consolidation of pleadings where doing so "may tend to avoid unnecessary costs or delay." Accordingly, plaintiff proposes that, within 30 days following consolidation and appointment of lead counsel, the Court order plaintiff to file a consolidated complaint. This will further streamline consideration of these two cases (and any additional related cases), in which currently involve separate motions to dismiss based on the same substantive factual claims.

### CONCLUSION

In the interests of judicial economy and for the reasons set forth above, Plaintiff in *Said* respectfully requests that the Court: (a) order consolidation of *Tavares* and *Said*; (b) appoint Dustin L. Schubert of the Schubert Firm as Interim Class Counsel; and (c) enter the proposed protocol for common benefit work and expenses in the above-captioned action.

Dated: September 28, 2021            **SCHUBERT JONCKHEER & KOLBE LLP**

*/s/ Dustin L. Schubert*
ROBERT C. SCHUBERT (S.B.N. 62684)
NOAH M. SCHUBERT (S.B.N. 278696)
DUSTIN L. SCHUBERT (S.B.N. 254876)
KATHRYN Y. MCCAULEY (S.B.N. 265803)
ALEXANDRA K. GREEN (S.B.N. 333271)
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone:     (415) 788-4220
Facsimile:     (415) 788-0161
rschubert@sjk.law
nschubert@sjk.law
dschubert@sjk.law
kmccauley@sjk.law
agreen@sjk.law

*Counsel for Plaintiff Said and the Putative Class*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220